898 F.2d 1432
 12 Employee Benefits Ca 1238
 Brad HARPER, Mary Deborah Harper, husband & wife,
Plaintiffs-Appellants,
v.
AMERICAN CHAMBERS LIFE INSURANCE COMPANY, A Group Health
Insurer; United Chambers Administrators, Inc., a foreign
Corporation; American Employers Association, a foreign
corporation, Defendants-Appellees.
 No. 87-15043.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 14, 1988*.
Decided March 26, 1990.
 
 John S. Schaper, Phoenix, Ariz., for plaintiffs-appellants.
 David F. Gaona, Evans, Kitchel & Jenckes, Phoenix, Ariz., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before HUG, TANG and BOOCHEVER, Circuit Judges.
 OPINION
 TANG, Circuit Judge:
 
 
 1
 Brad and Mary Harper appeal the district court's judgment that their medical insurance policy was a "plan" under the Employee Retirement Income Security Act of 1974, thus precluding their state law claims. We reverse and remand.
 
 FACTS AND PROCEEDINGS
 
 2
 Brad Harper and Mark Nelson formed a partnership, Nelson Harper & Associates, which began business operations in June 1984. Shortly thereafter, the partnership purchased health insurance for the partners and their spouses from American Chambers Insured Plans (ACLI) through agent R.D. Schwanz. Schwanz assured the Harpers that the policy would cover pregnancy complications. Later, the partnership hired an employee, Diane Sellers, and eventually added her to the insurance policy coverage.
 
 
 3
 In March 1985, Brad Harper's wife, Mary Harper, was hospitalized for childbirth, and because of complications, she gave birth by Cesarean section. The Harpers submitted claims to ACLI for payment of Mary Harper's medical expenses, but ACLI refused to pay the claims. The Harpers then sued ACLI in Arizona state court, alleging state common law counts of breach of contract, breach of the covenant of good faith and fair dealing, and intentional or reckless infliction of emotional distress.
 
 
 4
 ACLI removed the Harpers' suit to federal court on grounds of diversity of citizenship. The district court ruled that the partnership's insurance policy was a "plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. Secs. 1001-1461. The court further ruled that ERISA preempts the Harpers' state common law causes, and therefore dismissed the case. The Harpers appeal.
 
 DISCUSSION
 I. Whether the Policy Was an ERISA Plan
 
 5
 This case presents the threshold issue of whether the Harpers' ACLI medical insurance policy was an ERISA plan. If an ERISA plan, then only ERISA remedies are potentially available, for ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. Sec. 1144(a). See also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54, 107 S.Ct. 1549, 1566, 95 L.Ed.2d 39 (1987) (ERISA precludes state law remedies).
 
 
 6
 The Harpers argue that the insurance policy was not an ERISA plan because they established the policy only for the partners. A plan which covers only partners, they argue, is not subject to ERISA because plans without employees are not ERISA plans. See, e.g., Robertson v. Alexander Grant & Co., 798 F.2d 868, 870-71 (5th Cir.1986), cert. denied, 479 U.S. 1089, 107 S.Ct. 1296, 94 L.Ed.2d 152 (1987); 29 C.F.R. Sec. 2510.3-3(b). Federal regulations state that a "partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership." 29 C.F.R. Sec. 2510.3-3(c)(2). The Harpers therefore contend that the ACLI policy is not an ERISA plan and ERISA thus does not preempt their state law claims against ACLI.
 
 
 7
 ACLI, on the other hand, argues that the policy was an ERISA plan. ACLI asserts that the partnership joined an existing multi-employer ERISA plan covering other employees, and further notes that the policy eventually covered Sellers, the partnership's employee. According to ACLI, these facts establish the partnership policy as an ERISA plan, precluding the Harpers' state law claims. See 29 U.S.C. Sec. 1002(1) (defining ERISA "plans").
 
 
 8
 The scant record in this case supports neither of the parties' positions sufficiently. Nor can we say as a matter of law that the policy the partnership initially purchased in this case was not an ERISA plan or that the addition of employee Sellers to the policy created an ERISA plan. "The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." Kanne v. Connecticut Gen. Life Ins., 867 F.2d 489, 492 (9th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989). The district court apparently decided that as a matter of law the ACLI policy was an ERISA plan. We must therefore reverse the district court's dismissal of the Harpers' complaint and remand for findings of fact on this issue. Upon remand, the district court should consider the numerous factors such as we discussed in Kanne and in Credit Managers Ass'n v. Kennesaw Life & Accident Ins., 809 F.2d 617 (9th Cir.1987) in determining whether the Harpers' policy was an ERISA plan. See Kanne at 491-93; Credit Managers Ass'n at 625.
 
 
 9
 II. Consequences of a Finding that the Plan Was an ERISA Plan
 
 
 10
 If the district court finds as a matter of fact that the partnership's policy was not an ERISA plan, then the Harpers may proceed with their state law claims. If the district court finds that the policy was an ERISA plan, however, the Harpers are not thus deprived of legal recourse for their claims. We conclude that the plain language of the ERISA statute provides the Harpers with potential remedies.
 
 
 11
 Congress has expressly established remedies for certain parties with ERISA claims. ERISA provides that: "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan...." 29 U.S.C. Sec. 1132(a)(1)(B) (emphasis added). If the Harpers' policy is an ERISA plan, whether the Harpers are entitled to bring ERISA claims in federal court depends on whether they are ERISA participants or beneficiaries.
 
 
 12
 We note that "[i]n construing statutes in a case of first impression," as here, "we first look to the language of the controlling statutes, and second to legislative history." Central Mont. Elec. Power Coop. v. Administrator of the Bonneville Power Admin., 840 F.2d 1472, 1477 (9th Cir.1988). "Absent a clearly expressed legislative intent to the contrary, the plain language must ordinarily be regarded as conclusive." Id. See also United States v. Ron Pair Enter., --- U.S. ----, ----, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (the "plain meaning of legislation should be conclusive").
 
 
 13
 Scant legislative history illuminates the terms "participant" and "beneficiary" or who may sue under the ERISA enforcement scheme. See Fentron Indus. v. National Shopmen Pension Fund, 674 F.2d 1300, 1305 (9th Cir.1982); Hermann Hosp. v. MEBA Medical & Benefits Plan, 845 F.2d 1286, 1288 n. 8 (5th Cir.1988). We need not resort to legislative history, however, for Congress has plainly defined each term by statute. See 29 U.S.C. Secs. 1002(7), (8); Central Mont. Elec., 840 F.2d at 1477.
 
 
 14
 Under the statutory definitions, the Harpers, as partners or spouses of partners, are not "employees." 29 U.S.C. Sec. 1002(6). Only "employees" can be ERISA "participants." 29 U.S.C. Sec. 1002(7). The Harpers, therefore, cannot bring ERISA claims as ERISA participants.
 
 
 15
 We conclude, however, that the Harpers are eligible to bring ERISA claims as ERISA beneficiaries. Congress has defined an ERISA beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. Sec. 1002(8) (emphasis added). First, we note that the broad statutory definition of a "person" for ERISA purposes certainly encompasses the Harpers: "the term 'person' means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." See 29 U.S.C. Sec. 1002(9). Second, the Harpers are "person[s] designated ... by the terms of an employee benefit plan" if the ACLI policy is an ERISA plan. 29 U.S.C. Sec. 1002(8). The Harpers claim that the ACLI policy designates the Harpers as entitled to benefits, as the statutory definition requires. By the plain terms of the statutes defining "person" and "beneficiary," then, the Harpers are ERISA beneficiaries of the ACLI policy. We must regard the "plain language" of the statute as "conclusive." See Central Mont. Elec., 840 F.2d at 1477.
 
 
 16
 We therefore conclude that ERISA expressly authorizes the Harpers to sue as ERISA beneficiaries in federal court to "recover benefits due" them if the ACLI policy is an ERISA plan.[1] 29 U.S.C. Sec. 1132(a)(1)(B). Moreover, our construction of the statutes defining the Harpers as ERISA beneficiaries is consonant with the ERISA statutory scheme. Both ERISA plan participants and beneficiaries must have recourse to civil enforcement of ERISA plan provisions in order "to further the statute's purpose" of promoting ERISA plan integrity. Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 21, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983); see also Pilot Life Ins., 481 U.S. at 55, 107 S.Ct. at 1557 (quoting H.R.Conf.Rep. No. 93-1280, 327 (1974)). Finally, we note that under our liberal rules of pleading, the Harpers' complaint may sufficiently allege an ERISA claim. If it does not, amendment of the complaint rather than dismissal of the action is appropriate.
 
 CONCLUSION
 
 17
 If, after review of all the relevant factors and evidence, the district court finds that the policy in this case was not an ERISA plan, the Harpers may proceed with their state law claims. If, on the other hand, the district court finds that the plan was an ERISA plan, the Harpers may sue as ERISA beneficiaries. We therefore remand this case to the district court for further proceedings not inconsistent with this opinion.
 
 
 18
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 We note that other circuits have construed the ERISA enforcement statute narrowly, proscribing those parties entitled to bring ERISA claims. See, e.g., Gulf Life Ins. v. Arnold, 809 F.2d 1520 (11th Cir.1987) (fiduciary of plan had no standing to sue for a declaration of its rights under the plan); Grand Union Co. v. Food Employers Labor Relations Ass'n, 808 F.2d 66 (D.C.Cir.1987) (employer had no standing to sue under ERISA); Hermann Hosp., 845 F.2d 1286 (5th Cir.1988) (health care provider had no standing to sue under ERISA); but see Fentron Indus., 674 F.2d 1300 (9th Cir.1982) (employer did have standing to sue under ERISA to protect employer-employee relations). In the Harpers' case, however, the statutory definition of an ERISA beneficiary plainly entitles nonemployee beneficiaries to bring ERISA claims