Giuseppe **BELLISARIO**, Plaintiff,

v.

**LONE STAR LIFE INSURANCE**, a company; Crown Life Insurance, a company, Defendants.

No. CV 94–1177–RAP.

United States District Court, C.D. California.

Dec. 22, 1994.

Allan A. Sigel, Sigel & Boothe, Los Angeles, CA, for plaintiff.

Hugh H. Helm, Galton & Helm, Los Angeles, CA, for defendants.

AMENDED MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION

PAEZ, District Judge.

The Memorandum and Order Granting Defendant's Motion for Summary Adjudication filed on September 13, 1994, is hereby amended. This Amended Memorandum and Order shall supersede the Memorandum and Order of September 13, 1994.

Defendants' motion for partial summary adjudication came on regularly for hearing before this Court on July 15, 1994. The Court took the matter under submission. After reviewing the materials submitted by the parties, arguments of counsel, and all other matters presented to the Court, it is hereby ORDERED that defendants' motion is GRANTED.

## I. Procedural Background

On March 4, 1994, plaintiff filed this action to recover benefit payments pursuant to defendants' disability insurance policy. The complaint contains two state causes of action: bad faith termination of insurance benefits and breach of contract.

On June 17, 1994, defendants filed a motion for summary adjudication on the grounds that plaintiff's state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Defendants contend that the disability insurance policy is part of an employee benefit plan governed by ERISA.

Plaintiff filed objections to certain evidence submitted by defendants.

Subject matter jurisdiction is proper under 28 U.S.C. § 1332.

This motion presents no genuine issues of material fact, and defendants are entitled to summary adjudication as a matter of law. The only issue before the Court is whether plaintiff, who is an owner and shareholder of a closely-held corporation, is limited to ERISA remedies in contesting termination of his disability insurance benefits.

## II. Factual Background

The plaintiff, Giuseppe Bellisario, was the president, joint owner, and shareholder of Giuseppe, Inc. ("the company"). The company operated a restaurant called "Ciao Giuseppe."

In November 1986, the company purchased a disability insurance policy from defendant Crown for plaintiff. At the time this policy was purchased, plaintiff and defendant Crown signed memoranda of understanding stating that the disability insurance policy was "part of a formal Wage Continuation plan." *See* Exhibit B, attached to Defendants' Motion. The disability insurance policy did not cover any employees.

The company also purchased a group health insurance policy from Principal Insurance Company for plaintiff and some of the company's employees. *See* Bellisario Declaration, attached to Plaintiff's Opposition, at ¶ 7.

In August 1992, plaintiff became disabled and started receiving disability payments from Crown under the disability insurance policy. In 1993, Defendant Lone Star assumed Crown's responsibility for the disability insurance policy and payments. In January 1994, Lone Star informed plaintiff that it was discontinuing disability payments.

### III. Standard for Partial Summary Adjudication

Rule 56(c) of the Federal Rules of Civil Procedure provides for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In a trilogy of 1986 cases, the Supreme Court clarified the standard for summary judgment. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Whether a fact is material is determined by looking to the governing substantive law; if the fact may affect the outcome it is material. *Id.* at 248, 106 S.Ct. at 2510. If the moving party seeks summary adjudication with respect to a claim or defense upon which it bears the burden of proof at trial, its burden must be satisfied by affirmative admissible evidence. By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54; *see also* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial §§ 14:123–141 (1993).

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In assessing whether the non-moving party has raised a genuine issue, its evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14 (citing *Adickes v. S.H. Kress and Company,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Nonetheless, "the mere existence of a scintilla of evidence" is insufficient. *Id.* at 252, 106 S.Ct. at 2512. As the Court explained in *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1355–56:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

While ordinarily "[t]he existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person," *Harper v. American Chambers Life Ins. Co.,* 898 F.2d 1432, 1433 (9th Cir.1990), where no genuine issues of material fact exist, as here, summary judgment should be granted.

### IV. Discussion

#### A. The disability and group medical insurance provided by defendants qualifies as an ERISA plan.

ERISA contains a strong federal preemption clause:

> Except as otherwise provided in subsection (b) of this section, the provision of this subchapter and subchapter III of the chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.

29 U.S.C. § 1144(a) (West Supp.1994). It is well established that ERISA preempts any state law claims that "relate to any employee benefit plan." *See Pilot Life Ins. Co. v.*

*Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (state law suit asserting improper processing of benefit claim under ERISA-regulated plan preempted by ERISA). Therefore, in deciding whether plaintiff's state law claims are preempted by ERISA, the first step is to determine whether the disability insurance policy purchased by the company for plaintiff is part of an employee benefit plan governed by ERISA.

The ERISA statute defines an "employee benefit plan" as:

> any plan, fund, or program ... established or maintained by an employer or an employee organization, or by both ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance.... [for] medical, surgical, or hospital care benefits or benefits in the event of sickness, accident disability, death, or unemployment....

29 U.S.C.A. § 1002(1) (West Supp.1994).

The regulations by the Department of Labor further clarify the statutory definition of an "an employee benefit plan." 29 C.F.R. § 2510.3-3(c)(1) provides:

> (b) Plans without employees. For purposes of Title I of [ERISA] and this chapter, the terms "employee benefit plan" shall not include any plan, fund or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan.... For example, a so-called "Keough" or "H.R. 10" plan under which only partners or only a sole proprietor are participants covered under the plan will not be covered under Title I. However, a Keough plan under which one or more common law employees, in addition to the self-employed individuals, are participants covered under the plan, will be covered under Title I....

The Ninth Circuit in *Harper v. American Chambers Life Insurance Company,* 898 F.2d 1432, 1433 (9th Cir.1990) recently stated that where "an ERISA plan [exists], then only ERISA remedies are potentially available." "The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable per-

son." *Id.* at 1433, citing to *Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 492 (9th Cir.1988), *cert. denied,* 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989).

In this case, plaintiff stresses that the company purchased the disability insurance policy solely for him and that it never covered any of the company's employees. According to plaintiff, the disability insurance policy was not part of any employee benefit plan or program. Defendants contend that the company maintained an employee benefit plan when it provided disability insurance to plaintiff and group medical insurance to plaintiff and its employees. Therefore, according to defendants, the two policies cannot be treated separately for ERISA purposes.

The Court agrees with defendants that the plan at issue here is comprised of both the disability insurance policy and the group medical insurance policy. Plaintiff cites to no cases or regulations that require insurance policies to be analyzed separately under ERISA. To the contrary, the ERISA statute specifically provides that an "employee benefit plan" can be a "plan, fund, *or* program" which presumably may contain more than one insurance policy from more than one insurance company. In fact, many employers provide a set of benefits for their employees under different policies and by different insurance carriers.

The company's plan in this case meets the test of an ERISA plan, which was first developed by the Eleventh Circuit in *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982), and which has been adopted by the various circuits, including the Ninth Circuit. *See Kanne v. Connecticut General Life Insurance Co.,* 867 F.2d 489, 491–492 (9th Cir. 1988), *cert. denied,* 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989); *Credit Managers Ass'n v. Kennesaw Life & Accident Ins.,* 809 F.2d 617, 625 (9th Cir.1987). "In determining whether a plan, fund, or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures

for receiving benefits." *Donovan, supra,* 688 F.2d at 1373.

The purchase of insurance alone, however, does not conclusively establish the existence of a "plan, fund, or program," although it may be evidence that an ERISA plan exists." *Kanne,* 867 F.2d at 492. As the Ninth Circuit noted in *Credit Managers,* 809 F.2d at 625: "An employer ... can establish an ERISA plan rather easily. Even if an employer does no more than arrange for a group-type insurance program, it can establish an ERISA plan, unless it [sic] a mere advertiser who makes no contributions on behalf of its employees."

■ In *Qualls v. Blue Cross of California, Inc.* (9th Cir.1994) 22 F.3d 839, 842–843, the Ninth Circuit, recently, held that only under *limited* circumstances is an employer's involvement in a group insurance plan not significant enough to constitute a "plan." Under the "safe harbor" regulations issued by the Department of Labor, the following four requirements must be met for a "plan" to be excluded from ERISA: (1) the employer makes no contributions; (2) the participation by employees is completely voluntary; (3) the employer does not endorse the program and his sole functions are to promote the program to employees and to collect premiums through dues or payroll deductions and to remit them to the insurance company; and (4) no consideration is received by the employer for this limited involvement. *Id.* at 843.[1] *See* 29 U.S.C. § 1002(1); 29 C.F.R. § 2510.3–1(j). Therefore, a plan will be exempted under ERISA *only* if all of the "safe

harbor" provisions are satisfied. *Id. See also Kanne, supra,* 867 F.2d 489 (state law claims preempted by ERISA even where only one of the requirements not satisfied).

■ Plaintiff is unable to establish that the four "safe harbor" provisions of 29 C.F.R. § 2510.3–1(j) exist in this case. It is undisputed that the company, and *not* the plaintiff, purchased the disability and group medical insurance policies for plaintiff and some of its employees.

Plaintiff relies on *Kennedy v. Allied Mutual Ins. Co.* (9th Cir.1991) 952 F.2d 262. This case, however, does not help plaintiff satisfy the "safe harbor" provisions. In *Kennedy,* the Ninth Circuit held that a plan whose sole beneficiaries are the company's owners does not qualify as an ERISA plan.[2] *Id.* at 264, 266. The *Kennedy* rule does not apply to this case because the group medical insurance policy under the plan in this case covered plaintiff *and* employees.

Plaintiff further argues that the disability insurance policy was not intended to be part of an ERISA plan and, thus, should be treated separately from the group medical insurance policy. When the company purchased the disability insurance policy for plaintiff, however, plaintiff signed memoranda of understanding stating that the disability insurance policy was part of a wage continuation plan. As a result of this characterization, the company received a tax deduction, and plaintiff qualified for additional benefits under the policy. *See* Internal Revenue Code §§ 105 and 162. Without determining whether plaintiff is estopped from arguing that the

---

1. In *Qualls,* 22 F.3d at 843–844, the Ninth Circuit upheld the granting of summary judgment on the grounds that ERISA preempted state causes of action. The court held that the insured employee was covered by a small group health insurance policy paid for by the employer and provided to all full-time employees. *Id.* at 844. Plaintiff correctly points out that *Qualls* did not involve the owner of a company.

2. In *Kennedy,* 952 F.2d at 262, the sole owner and officers of the corporation had filed an action to recover the losses from investments of their pension funds, alleging a breach of fiduciary duty, presumably under 29 U.S.C.A. § 1109. The Ninth Circuit reversed the district court's

granting of summary judgment because a declaration submitted by plaintiff seemed to create an issue of material fact as to whether any employees participated in the pension plan. The court in *Kennedy,* 952 F.2d at 263, fn. 2, specifically stated that its holding was limited to the only issue before the court—whether the pension plan was an employee benefit plan under ERISA. The parties in *Kennedy* agreed that if the plan complied with ERISA, ERISA controlled, and if the plan did not comply with ERISA, state law controlled. *Id.* As the Ninth Circuit explained, the *Kennedy* case did *not* present the issue of whether ERISA preempts California law. *Id.* at 264.

two policies should be analyzed separately[3], as defendants suggest, the Court finds that these documents provide further evidence that the disability insurance policy was part of the company's employee benefit plan.

Under these circumstances, the disability insurance policy must be considered part of an ERISA plan established by the company and governed by 29 U.S.C. §§ 1001, *et seq.*

### B. Plaintiff has standing to sue as a beneficiary under ERISA.

■ Having concluded as a matter of law that the disability insurance policy at issue in this case is part of an ERISA plan, the next step is to determine whether plaintiff, as an owner and shareholder of the company, has standing to bring a claim under ERISA. The statute provides: "A civil action may be brought ... by a participant or a beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (West Supp.1994). In order to bring an action under ERISA, plaintiff, therefore, must be a participant or a beneficiary.

The ERISA statute defines "participant" as "any *employee* or former employee of an *employer,* or any member or former member of an *employee* organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit. 29 U.S.C. § 1002(7) (emphasis added). An "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 1002(6). An "employer" is any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan, and includes a group or association or employers acting for an employer in such capacity." 29 U.S.C. § 1002(5).

The regulations further provide:

"An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual and his or her spouse...."

29 C.F.R. § 2510.3–3(c)(1).

Based on these statutory provisions and regulations, plaintiff, as the owner of a company, is not an employee, and, therefore, cannot be a participant under ERISA. However, the Ninth Circuit in *Harper,* 898 F.2d at 1434, held that partners and their spouses, though they were *not* employees, had standing to sue under ERISA as beneficiaries. The *Harper* Court concluded that, under 29 U.S.C. § 1002(6), partners may be persons designated by the terms of a plan to be entitled to benefits. *Id.*

The ERISA statute defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). A "person" is defined as "an individual, partnership, joint venture, corporation, mutual company, joint stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9).

Like the plaintiffs in *Harper,* plaintiff, here, has standing to sue under ERISA, because he was designated as a beneficiary under the ERISA plan. There is no dispute that plaintiff in this case was covered by the disability insurance policy. In fact, he received benefits under the policy until defendant Lone Star discontinued his benefits. And as the Court has already concluded, the disability insurance policy was part of an ERISA plan.

■ Because plaintiff has standing to sue under ERISA, he is limited to the remedies provided by ERISA. Plaintiff's state law claims, therefore, are preempted by ERISA. *See also Dodd v. John Hancock Mutual Life Insurance Company* (E.D.Cal.1988) 688 F.Supp. 564, 571 (district court granted sum-

---

**3.** Though ERISA preempts equitable estoppel state claims, a party may assert a federal claim for equitable estoppel. *Qualls,* 22 F.3d at 845–846. However, equitable estoppel arguments in

ERISA cases usually arise when the terms of a plan are ambiguous and the employee has relied on oral representations interpreting the plan. *Id.*

mary judgment, holding that the owner of a closely-held corporation qualified as a "participant" under ERISA).[4]

Plaintiff cites to a host of decisions from other circuits which have held that the owner of a company does not qualify as an employee, a participant, or a beneficiary under ERISA. Plaintiff relies primarily on *Kwatcher v. Massachusetts Service Employees Pension Fund,* 879 F.2d 957 (1st Cir. 1989). In *Kwatcher,* 879 F.2d at 963, the First Circuit held that a sole shareholder who was also employed by the company during certain periods could not be considered both an employer and an employee under ERISA. *Id.* at 963. The *Kwatcher* Court analyzed the ERISA statute, the federal regulations, and the legislative history and concluded that a business owner could not participate in an ERISA retirement plan and receive pension benefits. *Id.* at 961, 968.[5]

*See also Meredith v. Time Ins. Co.,* 980 F.2d 352 (5th Cir.1993) (no employee welfare plan existed where group insurance policy covered sole proprietor and spouse and no employees); *Fugarino v. Hartford Life & Accident Ins. Co.,* 969 F.2d 178 (6th Cir.1992) (state law causes of action by employer not preempted because sole proprietor, wife, and son were not employees and therefore did not qualify as participants or beneficiaries under ERISA even though court found that group insurance policy was ERISA plan covering one employee); *Giardono v. Jones,* 867 F.2d 409 (7th Cir.1989) (employer who had received insurance as employee from union had no standing to bring action under ERISA); *Peckham v. Board of Trustees,* 653 F.2d 424 (10th Cir.1981) (sole proprietors

suing for pension benefits cannot have dual status as employer and employee).

The circuit decisions cited by plaintiff are at odds with the Ninth Circuit decision in *Harper.* Because this Court is bound by *Harper,*[6] the Court concludes that plaintiff has standing to sue as a beneficiary under ERISA and, therefore, can only pursue his ERISA remedies against defendants.

## C. Plaintiff's evidentiary objections

Plaintiff objects to a letter from Dr. Kaushal Sharma, attached to defendants' motion, dated December 10, 1993, relating to a medical and psychiatric examination, on the grounds that the letter lacks foundation, is irrelevant and unauthenticated, and contains inadmissible hearsay.

Plaintiff also objects to the "Order Granting Summary Judgment for Defendant Reliance Insurance Company" and related "Tentative Ruling" attached to defendants' Reply, on the grounds that the court documents lack foundation and are irrelevant, unauthenticated, and inflammatory.

The Court finds that the letter by Dr. Sharma and the court documents attached to defendant's Reply are irrelevant to defendants' motion for summary adjudication. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.* (9th Cir.1989) 896 F.2d 1542, 1556. Plaintiff's objections to these documents are sustained. Therefore, the Court has disregarded these documents in ruling on defendants' motion for summary adjudication.

## V. CONCLUSION

Accordingly, it is, hereby, ORDERED that defendants' motion for summary adjudication

---

**4.** The *Dodd* Court found that the shareholder was also a salaried employee of the corporation. 688 F.Supp. at 571–572. The district court noted that "when self-employed individuals elect to incorporate and the corporation employs others, there is simply no basis in ERISA for disregarding the corporate form." *Id.* at 571. Here, there is no evidence before the Court showing that plaintiff was an employee of the company, though this fact is not necessary to support the Court's holding.

**5.** The *Kwatcher* Court also pointed to the anti-inurement provision in ERISA which prohibits a shareholder from receiving benefits from a quali-

fied pension plan. 879 F.2d at 960. The statute provides: "[T]he assets of a plan shall never inure to the benefit on any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). Here, however, the plan at issue provides disability and medical insurance benefits.

**6.** Plaintiff did not address the *Harper* decision in his Opposition. At oral argument, plaintiff essentially conceded that *Harper* supported defendants' position.

is GRANTED on the grounds that ERISA preempts plaintiff's state law claims. The disability insurance policy is part of an employee benefit plan established by plaintiff's company. Under *Harper v. American Chambers Life Insurance Company* (9th Cir. 1990) 898 F.2d 1432, plaintiff has standing to sue as a beneficiary under the plan, and his remedies are limited to those available under ERISA.

For the reasons set forth above, it is further ORDERED that plaintiff's state law claims are dismissed, and that plaintiff shall file a first amended complaint within 10 days from service of this order setting forth his claim for relief under ERISA.

IT IS SO ORDERED.