Peter FINN and Production Line, Inc., Plaintiffs,

v.

NACHREINER BOIE ART FACTORY, Nancy Nachreiner and Thomas Nachreiner, Defendants-Appellants, †

Thomas E. GORIS, Northwestern Mutual Life Ins., Michael J. Slutzky and Daniel J. Steffen, Defendants-Respondents.

Court of Appeals

*No. 95–1848. Submitted on briefs March 6, 1996.—Decided April 9, 1996.*

(Also reported in 549 N.W.2d 273.)

†Petition to review denied.

For the defendants-appellants the cause was submitted on the briefs of *O'Neil, Cannon & Hollman, S.C.*, with *Randall L. Nash*, of Milwaukee.

For the defendants-respondents the cause was submitted on a joint brief: *L. William Staudenmaier* of *Cook & Franke S.C.*; *Marcia Rimai* and *Scott J. Morris* of *The Northwestern Mutual Life Ins. Co.*; *Richard J. Sankovitz* of *Whyte Hirschboeck Dudek S.C.*, and *Stephen M. Compton* of *Borgelt, Powell, Peterson & Frauen, S.C.*, all of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

SCHUDSON, J. Thomas and Nancy Nachreiner and their company, Nachreiner-Boie Art Factory, Ltd. ("Nachreiners") appeal from the order granting summary judgment and dismissing their cross-claims

against Northwestern Mutual Life Insurance Company ("NML") and three of NML's agents, Daniel J. Steffen, Michael J. Slutzky and Thomas E. Goris. The Nachreiners asserted fraud in the inducement and misrepresentation claims against NML and its agents in connection with insurance policies the Nachreiners purchased. The trial court dismissed the Nachreiners' cross-claims on the grounds that they were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

The Nachreiners' appeal raises two issues: (1) whether ERISA preempts state law claims for fraud in the inducement, and for misrepresentation; and (2) whether, if ERISA preemption applies to such claims, the Nachreiners fall within the "employee-owner" exception to ERISA preemption because Mr. Nachreiner is a 51% owner of the corporation. We conclude that the Nachreiners' cross-claims are preempted by ERISA. We further conclude that the limited employee-owner exception to ERISA preemption applies only to sole proprietors or sole shareholders and, therefore, not to the Nachreiners.

## I. BACKGROUND

This case has its genesis in the termination of a business relationship between Peter Finn and Production Line, Inc., and the Nachreiners. The Finn claims have been resolved and are not at issue here. This appeal involves only the dismissal of the Nachreiners' cross-claims against NML, Steffen, Slutzky and Goris.

Thomas Nachreiner was president of the Nachreiner-Boie Art Factory, and one of its two shareholders and directors. On April 1, 1984, Mr. Nachreiner and the Art Factory entered into an

agreement according to which he was to receive certain retirement benefits. As part of the agreement, the Art Factory purchased a NML "split dollar" life insurance policy and was to pay the premiums.[1] The excess cash value accumulated under the NML policy was to be the source of retirement income for Mr. Nachreiner. In exchange, Mr. Nachreiner was to pay back the premiums at his death or upon surrender of the policy.

The April 1, 1984 agreement between Mr. Nachreiner and the Art Factory stated: "This Agreement is intended to qualify as a life insurance employee benefit plan . . . ." Additionally, the agreement stated that it is "intended to meet the requirements of Employee Retirement Income Security Act of 1974." Consistent with those requirements, the agreement designates a plan "fiduciary" and establishes a claims procedure for resolving disputes over benefits due under the Agreement. *See* Employee Retirement Income Security Act (ERISA) §§ 402(a)(1) & 503, 29 U.S.C. §§ 1102(a)(1) & 1133. Further, on October 1, 1984, Mr. Nachreiner, as plan fiduciary, signed a disclosure document entitled, "Employee Benefit Plan Statement of Disclosure, Acknowledgment, and Disclosure," which stated that its purpose was "to comply with all requirements of the Employee Retirement Income Security Act of 1974 (ERISA) for disclosure, acknowledgment, and approval in connection with the sale of insurance or annuity contracts to employee benefit plans." (Capitalization in original omitted.)

---

[1] The NML defendants state, and the Nachreiners do not dispute, that "[s]plit dollar life insurance generally refers to arrangements between an employer and an employee whereby interests in and proceeds payable under a whole life insurance policy are split and premiums may be split."

In September, 1985, the Art Factory entered into a similar "split dollar" agreement with Nancy Nachreiner, who was employed as a bookkeeper at the Art Factory. Like Mr. Nachreiner's agreement, the split dollar policy was intended to provide a source of retirement income benefits and life insurance protection. Mrs. Nachreiner's agreement was almost identical to her husband's, containing the same recitals regarding the nature of the plan, and providing for a plan fiduciary and a claims procedure. On September 24, 1985, Mrs. Nachreiner executed an ERISA disclosure statement identical to the one her husband signed.

On November 26, 1985, the Art Factory and Charles Boie, vice-president and also a shareholder and director of the Art Factory, executed a "Defferred [sic] Compensation Agreement." This agreement provided for disability payments and for payments to Mr. Boie or his named beneficiary in the event he retired, terminated his employment, or died. The payments were to be funded by a NML policy issued for Mr. Boie and paid for by the Art Factory. Additionally, Mr. Nachreiner executed an ERISA disclosure form for Mr. Boie, identical to those that he and his wife had executed.

On November 25, 1986, the Art Factory entered into a "Split-Dollar Insurance Agreement" with Thomas Stocki, an employee who managed the company's sales. Similar to the others, Mr. Stocki's agreement provided that the Art Factory would purchase and hold a life insurance policy on his life, and that the policy was intended to be a source of retirement income. Mr. Nachreiner also executed an ERISA disclosure form for Mr. Stocki, identical to the other disclosure forms.

Although the Nachreiners pled various cross-claims against the NML defendants, on appeal they only pursue the fraud in the inducement and misrepresentation cross-claims that alleged:

15. In the years 1984 through 1991, NML defendants . . . made certain false and fraudulent representations to Thomas Nachreiner, Nancy Nachreiner or Art Factory concerning the policies wherein the NML defendants stated to Thomas Nachreiner, Nancy Nachreiner or Art Factory that Art Factory was a business suitable for the plan funded through the policies and that the shareholders of Art Factory were eligible to benefit from that plan; that the NML defendants structured the plan for Art Factory which would be funded through the policies and provide for investment returns for the shareholders of Art Factory and that said returns would exceed alternative forms of investment; that the NML defendants were experts in planning for and achieving high investment returns for businesses such as Art Factory by obtaining tax advantages and special benefits available only to small business owners willing to defer compensation into a "retirement plan" funded by cash values of life insurance policies issued by NML; that the policies were essentially investment contracts which would receive preferential federal and state tax treatment and therefore outperform alternative investments while at the same time providing death benefits as an ancillary benefit; and that the policies were a simple means of investment planning which required virtually no complex administration and would produce superior economic results in comparison to alternative investment or retirement plans, among other things.

16. In truth and fact, the policies did not cover the investment needs of and meet the promises of the NML defendants for Thomas Nachreiner, Nancy Nachreiner or Art Factory.

17. Thomas Nachreiner, Nancy Nachreiner and Art Factory, believing in the skill, experience and honesty of the NML defendants, relied upon their representations, and thereby were induced to purchase and did purchase continue [sic] the Art Factory policies and paid the NML defendants substantial sums of money. The NML defendants made the representations with the knowledge of their falsity and with the intent to induce Thomas Nachreiner, Nancy Nachreiner and Art Factory to rely thereon.

The trial court granted the summary judgment motions of the NML defendants and dismissed the Nachreiners' cross-claims, concluding that ERISA preempted such claims. The trial court also concluded that the Nachreiners did not fall within the employee-owner exception to exclusive federal court jurisdiction.

## II. ANALYSIS

The Nachreiners raise no issue regarding any "genuine issue as to any disputed material fact." *See* § 802.08(2), STATS. They challenge only the trial court's legal conclusions. Our review is *de novo. See Peterman v. Midwestern Nat'l Ins. Co.*, 177 Wis. 2d 682, 691, 503 N.W.2d 312, 315 (Ct. App. 1993).

A. Does ERISA preempt the Nachreiners' state law cross-claims for fraud in the inducement and misrepresentation?

555

The provisions of ERISA applicable to the issues in this case are 29 U.S.C. §§ 1132(e)(1) and 1144(a). 29 U.S.C. § 1132(e)(1) provides:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.[2]

29 U.S.C. § 1144(a) provides:

> Except as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan* described in section 4(a) [29 U.S.C. § 1003(a)] and not exempt under section 4(b) [29 U.S.C. § 1003(b)].

(Emphasis added.)

The Nachreiners argue that ERISA preemption is inapplicable because the Art Factory purchased four separate policies, which were not part of an "employee benefit plan." The Nachreiners also argue that even if the policies constitute a "plan," the alleged misconduct of the NML defendants occurred prior to the time the policies were issued and, therefore, their cross-claims about that misconduct do not "relate to" any ERISA

---

[2] 29 U.S.C. § 1132(a)(1)(B) provides: "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan."

plan. In support of that second argument, the Nachreiners contend that the alleged tortious conduct of the NML defendants: (1) does not affect regulation or administration of a plan; (2) does not amount to a claim for benefits under the plan because damages were sought from the insurer; and, (3) "does not relate to the polic[ies] more than incidentally." We reject the Nachreiners' arguments.

First, the four policies constitute an "employee benefit plan." They all were paid for by the Art Factory and funded by NML policies, and all were intended to secure retirement benefits and insurance coverage. The express terms of the agreements and disclosure statements demonstrate that each policy was to be part of an employee benefit retirement plan in compliance with ERISA and the requirements of 29 U.S.C. § 1002(1) & (2) (defining "pension plan" as a plan that provides retirement income or results in the deferral of income to the employment termination or beyond; defining "welfare plan" as a plan providing, among other things, life insurance benefits).

Second, the case law from the United States Supreme Court and the Seventh Circuit Court of Appeals emphasizes Congress's purpose in preempting state law and " 'establish[ing] pension plan regulation as exclusively a federal concern.' " *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987) (citation omitted); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1136 (7th Cir. 1992); *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992) ("Not the semantics of the word, 'relate,' but the policy of the statute requires preemption."); *see also Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 416 (9th Cir. 1990) ("The ERISA preemption provision is to be broadly

construed and extends to common law tort and contract actions."). This is particularly so with regard to fraud in the inducement claims. *See Anderson v. Humana, Inc.*, 24 F.3d 889, 890-892 (7th Cir. 1994); *see also Consolidated Beef Indus., Inc. v. New York Life Ins. Co.*, 949 F.2d 960, 963- 964 (8th Cir. 1991) (rejecting "pre-plan" argument against ERISA preemption), *cert. denied*, 503 U.S. 985 (1992); *Farlow v. Union Cent. Life Ins. Co.*, 874 F.2d 791, 792-794 (11th Cir. 1989).[3] Therefore, we conclude that the trial court correctly concluded that the Nachreiners' fraud in the inducement and misrepresentation cross- claims are preempted by ERISA law.[4]

---

[3] We acknowledge, as the Nachreiners point out, that the authorities are divided on the issue of whether fraud in the inducement and misrepresentation claims are preempted under ERISA. Among the cases cited by the Nachreiners are: *Perkins v. Time Ins., Inc.*, 898 F.2d 470 (5th Cir. 1990); *Perry v. P*I*E Nationwide, Inc.*, 872 F.2d 157 (6th Cir. 1989), *cert. denied*, 493 U.S. 1093 (1990); *Martin v. Pate*, 749 F. Supp. 242 (S.D. Ala. 1990), *aff'd*, 934 F.2d 1265 (11th Cir. 1991); *Greenblatt v. Budd Co.*, 666 F. Supp. 735 (E.D. Pa. 1987); *Miller v. Lay Trucking Co.*, 606 F. Supp. 1326 (N.D. Ind. 1985). We conclude, however, that the reasoning of the case law adhering to a broader interpretation of "relates to" is more persuasive given Congress's effort to provide ERISA with wide preemptive power.

[4] The Nachreiners also argue that because there were individual agreements and separate policies, they did not form a "plan," and, therefore, ERISA is somehow inapplicable. We reject their argument as insufficiently briefed. *See Polan v. DOR*, 147 Wis. 2d 648, 660, 433 N.W.2d 640, 645 (Ct. App. 1988).

B. Does the employee-owner exception to ERISA preemption apply to the Nachreiners?

The Nachreiners also argue that because Mr. Nachreiner is a 51% owner of the Art Factory, they are not "employees" under ERISA and, therefore, that ERISA does not preempt their state law cross-claims. The NML defendants respond that the Art Factory is the "employer" and that, despite Mr. Nachreiner's status as majority shareholder, he and Mrs. Nachreiner are Art Factory "employees" under ERISA.

Although in common terms a person in Mr. Nachreiner's position might be considered both an employee and employer, for ERISA purposes, " '[e]mployee' and 'employer' are plainly meant to be separate animals; . . . the twain shall never meet."[5] *Kwatcher v. Massachusetts Service Employees Pension Fund*, 879 F.2d 957, 959 (1st Cir. 1989). The ERISA definition of "employee" as "any individual employed by an employer," *see* 29 U.S.C. § 1002(6), offers little assistance in determining Mr. Nachreiner's status. 29 C.F.R. § 2510.3-3(c)(1) (1996), which exempts from ERISA coverage certain types of employees, is more illuminating. It states:

> (c) Employees. For purposes of this section:
>
> (1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is *wholly owned* by the individual and his or her spouse.

----

[5] *See also Giardono v. Jones*, 867 F.2d 409, 411 (7th Cir. 1989) ("employer cannot ordinarily be an employee or participant under ERISA").

(Emphasis added.)[6]

In support of their argument, the Nachreiners cite *Kwatcher*, as well as *Meredith v. Time Ins. Co.*, 980 F.2d 352 (5th Cir. 1993), *Giardono v. Jones*, 867 F.2d 409 (7th Cir. 1989), and *Kelly v. Blue Cross & Blue Shield*, 814 F. Supp. 220 (D.R.I. 1993). In all of these cases, the courts held that the litigants were "employers." All of these cases, however, involved sole proprietors or sole shareholders. The Nachreiners have not cited, and we have not located, any case law establishing that a 51% owner "and his or her spouse shall not be deemed to be employees" under ERISA. *See* 29 C.F.R. § 2510.3-3(c)(1).[7]

■

We conclude that because the Nachreiners do not "wholly own[ ]" the Art Factory, they are not "employers" for purposes of exemption from ERISA preemption. Therefore, we conclude that the trial court

[6] In *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992), the United States Supreme Court, under a factual scenario completely different from the one presently before us, criticized ERISA's "nominal definition of 'employee' as 'any individual employed by an employer,' 29 U.S.C. § 1002(6)," and adopted a common-law test for determining who qualifies as an employee under ERISA. *See id.* at 323-324. We conclude, however, that the *Darden* test is inapplicable in the present situation and instead rely on the definition contained in 29 C.F.R. § 2510.3-3(c)(1).

[7] The Nachreiners also cite *Harper v. American Chambers Life Insurance Co.*, 898 F.2d 1432 (9th Cir. 1990), in support of their argument that they are "employers" under ERISA. *Harper* involved a partnership, and the Ninth Circuit Court of Appeals held that "partners" could not be "employees" under ERISA. Given that 29 C.F.R. § 2510.3-3(c)(2) makes specific reference to partners and here we are not dealing with a partnership, we do not find *Harper* to be particularly instructive.

correctly determined that the Nachreiners were Art Factory employees whose cross-claims fell within the federal court exclusive jurisdiction by virtue of ERISA preemption.

*By the Court.*—Order affirmed.