Michael H. GOTLIB, M.D., and Sylvia Gotlib, Plaintiffs,

v.

The PAUL REVERE LIFE INSURANCE COMPANY, and Provident Life & Accident Insurance Company, Defendants.

No. 98–73526.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 20, 1998.

Cohen & Ellias, P.C., Bloomfield Hills, MI, by Steven Z. Cohen, Joshua A. Lerner, for Plaintiffs.

Stephen L. Witenoff, Southfield, MI, for Defendants.

FEIKENS, District Judge.

Plaintiffs Dr. Michael Gotlib and his wife, Sylvia Gotlib, have moved to remand their state law breach of contract suit[1] against defendants The Paul Revere Life Insurance Company ("Paul Revere") and Provident Life & Accident Insurance Company ("Provident Life").[2] The central issue before me is whether Dr. Gotlib's insurance policy with Paul Revere is an "employee welfare benefit plan" governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA" or "Act"). If ERISA governs, I must deny plaintiffs' motion to remand.

I. Background

On September 23, 1986, defendant Paul Revere issued a disability insurance policy to Dr. Gotlib. Previously, on July 16, 1986, Dr. Gotlib had signed an application for that policy. In the section entitled, "Premium Information," the application indicates, by way of a checked box, that Dr. Gotlib's premiums would be paid by his employer. According to Dr. Gotlib, the insurance agent filled out the application and checked the box. Dr. Gotlib does not believe he reviewed the information in the "Premium Information" section before he signed the application. Mrs. Gotlib confirms her husband's recollection, stating that she was present as his bookkeeper when he applied for and purchased the Paul Revere policy.

Both Dr. and Mrs. Gotlib recall that their intention at the signing was to have Dr. Gotlib make a personal purchase of the Paul Revere policy and to have him pay the annual premiums. They state that they were acting under the advice of their accountant, who had recommended a personal purchase over a corporate purchase for tax purposes. They remember their accountant observing that if Dr. Gotlib's professional corporation purchased the policy, Dr. Gotlib would have to pay taxes on any disability payments made under that policy, but that the same was not

1. In his complaint, Dr. Gotlib has asserted only a state law claim of bad faith contractual breach. Mrs. Gotlib has asserted only a single state law claim of loss of consortium.

2. At the October 15, 1998 remand hearing, counsel for both sides represented that Provident Life is now the parent company of Paul Revere.

true for a personal purchase. Accordingly, both Dr. and Mrs. Gotlib have testified by affidavit that Dr. Gotlib purchased the Paul Revere policy in 1986 with personal funds.

At that time, Dr. Gotlib practiced medicine through his professional corporation, "Michael Gotlib, M.D., P.C." In 1988, this corporation closed, and Dr. Gotlib set up a new professional corporation, "Nine Mile Obstetrics and Gynecology, P.C." ("Nine Mile"). Nine Mile dissolved in 1993.[3] Defendants contend that Nine Mile maintained Dr. Gotlib's disability policy as part of a group policy offered to Nine Mile staff. In support, defendants submit those portions of Nine Mile's 1991 and 1992 federal tax returns that list its corporate expenses. Among the expenses listed is one for "INSURANCE—MEDICAL" at an amount of $24,414 for 1991 and $24,563 for 1992.

Plaintiffs do not deny the existence of a group policy for Nine Mile staff, but they do contend, however, that Dr. Gotlib's policy was not a part of any Nine Mile group policy because it was separately purchased and maintained by personal funds. Plaintiffs support their contention by submitting copies of personal checks and checking account statements. For the years 1989, 1990, 1991, and 1992, plaintiffs have produced copies of personal checks made out to defendant Paul Revere and for the annual premium amount of $6,573.31. For the years 1987 and 1988, plaintiffs have produced personal account statements that show payments for the exact same amount. Plaintiffs have found no payment records for the initial year of the Paul Revere policy. Defendants have submitted no payment records for any of the years in contention.[4]

After defendant Paul Revere discontinued payment of Dr. Gotlib's disability benefits,[5] plaintiffs filed a complaint in state court on July 13, 1998, alleging bad faith contractual breach against defendants. Defendants in turn filed a notice of removal, invoking this court's removal jurisdiction by way of diversity jurisdiction. Plaintiffs then filed their motion to remand, in which they argued that diversity jurisdiction does not exist because their claims do not satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. At the October 15, 1998 remand hearing, defendants agreed that diversity jurisdiction does not exist. At the hearing and in their response to plaintiffs' motion to remand, however, defendants have alternatively argued that ERISA governs Dr. Gotlib's disability policy with Paul Revere and therefore requires removal of plaintiffs' claims from state court.

## II. Analysis

### A. Standard for Removal

■ Federal law permits a defendant in any state civil action to remove the action to a federal district court that has original jurisdiction over the action.[6] *See* 28 U.S.C. § 1441(a). If diversity jurisdiction does not exist, as here, then the original jurisdiction of the district court can only be "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). The burden is on defendants Paul Revere and Provident Life to establish that the present action arises under federal law. *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir.1996).

■ District courts generally test removed actions for "arising under" or federal

---

3. From the evidence before me, it appears that Nine Mile was the last of Dr. Gotlib's professional corporations.

4. The parties only dispute the payment years of 1986 through 1992.

5. The record does not indicate the exact date Paul Revere discontinued payment, but the parties did represent that it was only a short time before plaintiffs filed their complaint. The record also does not indicate what the exact nature of Dr. Gotlib's alleged disability is.

6. Federal statutory law also requires that the federal district court and the federal division geographically embrace the place where the state action is pending. *See* 28 U.S.C. § 1441(a). Plaintiffs filed their action in the State of Michigan's Circuit Court for Oakland County. The United States District Court for the Eastern District of Michigan, Southern Division, embraces this state court.

question jurisdiction by applying the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("a federal question must appear on the face of the complaint"). The Supreme Court has held, however, that the well-pleaded complaint rule is not the test to apply if a plaintiff's state law claim qualifies as a section 1132(a)(1)(B) civil enforcement action under ERISA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Section 1132(a)(1)(B) states that: "A civil action may be brought ... (1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). State law actions that fall within this definition must be removed to federal court because Congress intended for section 1132(a)(1)(B) to completely preempt state law. *See Metropolitan*, 481 U.S. at 65–67, 107 S.Ct. 1542; *see also Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir.1995).

The case at hand presents me with an undisputed beneficiary to a disability insurance policy suing his insurer in state court to enforce his alleged rights under the policy. In the absence of the *Metropolitan Life* exception to the well-pleaded complaint rule, Dr. Gotlib's purely state law claims would not be removable. No federal question lies on the face of his complaint. Yet by arguing that ERISA governs the disability policy at issue here, defendants have implicitly raised the *Metropolitan Life* exception. Thus if I am to remove Dr. Gotlib's claims, I must find that they qualify as a section 1132(a)(1)(B) civil enforcement action under ERISA.

### B. ERISA § 1132(a)(1)(B)

Section 1132(a)(1)(B) encompasses a beneficiary suing on a plan to recover benefits, enforce rights, or clarify rights under the plan. The parties contest whether Dr. Gotlib's insurance policy with Paul Revere constitutes a "plan" for purposes of ERISA. ERISA states that the "term 'employee benefit plan' or 'plan' means an employee welfare benefit plan or an employee pension

benefit plan or a plan which is both." 29 U.S.C. § 1002(3). ERISA defines an "employee welfare benefit plan" as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of ... disability.

29 U.S.C. § 1002(1). The U.S. Department of Labor's regulations interpreting ERISA further clarify the scope of "plan" by stating that it "shall not include any plan, fund, or program ... under which no employees are participants covered under the plan." 29 C.F.R. § 2510.3–3(b). As to who qualifies as an "employee" under ERISA, the Department has found that the Act does not deem employees to be individuals who own their business. *Id.* at § 2510.3–3(c)(1).

Given these statutory and regulatory provisions, the U.S. Court of Appeals for the Sixth Circuit ("Sixth Circuit") has held that "a plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA." *Fugarino v. Hartford Life and Acc. Ins. Co.*, 969 F.2d 178, 185 (6th Cir. 1992), *cert. denied*, 507 U.S. 966, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993) (finding that the sole proprietor of a restaurant was an "employer" under ERISA and thus his insurance policy was not an ERISA plan). In so holding, the court reasoned from the text and purpose of ERISA that "[a]n 'employee' and 'employer' are plainly meant to be separate entities under ERISA." *Id.* at 185–86. The court found particularly persuasive ERISA's definition of ERISA plan participants and beneficiaries as employees. *See id.* at 186; *see also* 29 U.S.C. §§ 1002(7) (defining "participant") and 1002(8) (defining "beneficiary").

 I find that Dr. Gotlib's contract with Paul Revere is not an "employee welfare benefit plan" under ERISA. Dr. Gotlib's situation is analogous in principle to that of a sole proprietor who has purchased an individual policy for himself. He is both employer and employee with respect to his professional

corporations. For the purposes of ERISA, however, he cannot be both. *Fugarino* therefore controls: Dr. Gotlib is an employer who is not eligible for protection under ERISA.

Even if Dr. Gotlib were held to be an "employee" for purposes of ERISA, the weight of the evidence establishes that Dr. Gotlib's policy is not an ERISA plan. For a disability policy to be an ERISA plan, the employer must establish or maintain the policy for the benefit of its employees. Dr. Gotlib's checks and account statements show that he paid for and maintained the policy out of personal funds for the years 1987 through 1992. Dr. and Mrs. Gotlib's affidavit testimony regarding their tax considerations also provides a credible buttress for their recollection that they initially purchased the policy with personal funds in 1986. In contrast, defendants submit only the policy application, the absence of payment records for 1986, and the ambiguous corporate expense records for the years 1991 and 1992 as evidence for their assertion that Dr. Gotlib's professional corporations paid his premiums. At best circumstantial, defendants' evidence fails to satisfy their evidentiary burden in light of the persuasive direct evidence of payment offered by plaintiffs' documents and affidavits.

When asked for controlling cases at the remand hearing, defendants cited two: *Massachusetts Cas. Ins. Co. v. Reynolds*, 113 F.3d 1450 (6th Cir.1997), and *Bellisario v. Lone Star Life Ins.*, 871 F.Supp. 374 (C.D.Cal.1994). I find neither case applicable here. In *Massachusetts,* the insured conceded that his disability policy began as an "employee benefit plan" governed by ERISA. *See* 113 F.3d at 1453. That concession gave rise to an issue of ERISA plan conversion entirely different from the issue before me. *See id.* In *Bellisario,* the district court explicitly held against *Fugarino. See* 871 F.Supp. at 380. The disagreement between *Bellisario* and *Fugarino* reflects the split between the Ninth and Sixth Circuits on the issue of an employer's standing as a beneficiary under ERISA. *See id.* Just as the district court in *Bellisario* was bound by the precedent of its circuit court, so too I am bound by *Fugarino.*

Therefore I hold that Dr. Gotlib's state law action does not qualify for the complete preemption of section 1132(a)(1)(B) because his action does not seek to enforce an ERISA plan. Since section 1132(a)(1)(B) does not apply, I have no removal jurisdiction over Dr. Gotlib's action. Plaintiffs' claims are remanded.

IT IS SO ORDERED.