No. 95-2172, *LaMure v. Mutual Life Ins. Co.*

The attachment (district court's Memorandum Opinion and Order) is not available electronically.

# UNITED STATES COURT OF APPEALS

**Filed 1/14/97**

# TENTH CIRCUIT

---

DAVID S. LaMURE, Sr.,

     Plaintiff-Appellant,

v.

MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK,

     Defendant-Appellee.

No. 95-2172
(D.C. No. CIV 93-0767 SC/DJS)
(D. N.M.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **ANDERSON** and **BRORBY,** Circuit Judges.

---

Plaintiff David S. LaMure, Sr. appeals the district court's summary judgment holding that the disability insurance policy of which he was the beneficiary was part of an employee welfare benefit plan as defined in the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (1994). We affirm the district court's holding.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dr. LaMure was a beneficiary of a long-term disability insurance policy issued by Defendant Mutual Life Insurance Company of New York ("Mutual Life"). The policy was a group policy issued through the College of American Pathologists Group Insurance Trust, and in order to be eligible for benefits under the policy one had to be a member of the College, which Dr. LaMure was.

Dr. LaMure's employer was Pathology Consultants of New Mexico Ltd. ("Pathology Consultants"), a professional corporation of which Dr. LaMure was a shareholder. Pathology Consultants paid both Dr. LaMure's dues for membership in the College of American Pathologists and the semi-annual premiums for his coverage under the disability policy. It also provided administrative functions relating to the policy.

Dr. LaMure began receiving benefits under the policy in June of 1989. Thereafter, he was incarcerated in a New Mexico prison, and Mutual Life terminated all benefits. Dr. LaMure filed a complaint against Mutual Life seeking resumption of the disability benefits, asserting state law claims for breach of contract, bad faith failure to pay, and bad faith termination of benefits.

The district court found the disability policy was part of an employee

welfare benefit plan as defined by the Employee Retirement Income Security Act, and that that act preempted Dr. LaMure's state law claims. Accordingly, the court dismissed Dr. LaMure's complaint, although it granted him leave to amend his complaint to state a claim under the Employee Retirement Income Security Act.

In this appeal, Dr. LaMure contends the disability policy was not part of an employee welfare benefit plan, and therefore the Employee Retirement Income Security Act does not preempt his state law causes of action. Dr. LaMure apparently concedes that if the disability policy is part of an employee welfare benefit plan, the Employee Retirement Income Security Act preempts his state law claims.

The determination of whether an insurance policy is governed by the Employee Retirement Income Security Act is a mixed question of fact and law. *Peckham v. Gem State Mut. of Utah*, 964 F.2d 1043, 1047 n.5 (10th Cir. 1992). Because this mixed question essentially involves conclusions drawn from undisputed facts, it is primarily a legal question which we review *de novo*. *Id.* Even if such were not the case, our standard of review would be *de novo* because the district court issued its ruling on summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

Although normally as a corollary of *de novo* review of summary judgment "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment," *id.*, that favoritism is greatly restricted in this case. Because Dr. LaMure failed to comply with District of New Mexico Local Rule 56.1, which required him to specifically contest Mutual Life's statement of undisputed facts, we depart from our "usual posture of construing all facts in favor of the non-moving party" and accept as true all material facts contained in Mutual Life's statement of undisputed facts.[1] *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994) (approving use of a nearly identical local rule of the Northern District of Illinois); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994) (same); *cf. Hagelin for President Comm. of Kansas v. Graves*, 25 F.3d 956, 959 (10th Cir. 1994) ("Because the state failed to submit any materials contradicting plaintiffs' statement of facts in support of their motion for summary judgment, these facts are deemed admitted."), *cert. denied*, 11 S. Ct. 934 (1995). However, we will review facts other than those contained in Mutual Life's statement of undisputed facts and reasonable inferences therefrom in the light most favorable to Dr. LaMure. *See Kaul*, 83 F.3d at 1212.

---

[1] Those facts are largely summarized in the second and third paragraphs of this order and judgment.

Dr. LaMure advances several arguments supporting his contention the disability policy was not part of an employee welfare benefit plan. Perhaps the most noteworthy is his claim that, to fall within the Employee Retirement Income Security Act, an employee welfare benefit plan must provide benefits to at least one employee who is not also an owner or employer; a plan whose sole beneficiaries are the company's owners cannot qualify as an Employee Retirement Income Security Act plan. Dr. LaMure claims the only persons entitled to disability insurance were himself and his two fellow shareholders in Pathology Consultants, and therefore the sole beneficiaries of the benefit plan were the corporate owners, removing the plan from the scope of the Employee Retirement Income Security Act.

We find Dr. LaMure's legal argument an interesting one, and indeed there is some case law support for his thesis, albeit mostly in dicta or non-circuit authority. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 264 (9th Cir. 1991) (holding if the only beneficiaries of a benefit pension plan were the two shareholders and owners of a corporation, the plan would not be governed by the Employee Retirement Income Security Act because "a plan whose sole beneficiaries are the company's owners cannot qualify as a plan under [the Employee Retirement Income Security Act]") (citing *Schwartz v. Gordon*, 761

F.2d 864, 867-69 (2d Cir. 1985)); *Matinchek v. John Alden Life Ins. Co.*, 93 F.3d 96, 101 (3d Cir. 1996) (The Employee Retirement Income Security Act "does not govern a 'plan' that is merely an insurance policy under which the only beneficiaries are the company's owners.") (dicta); *Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 185 (6th Cir. 1992) (same) (dicta), *cert. denied*, 507 U.S. 966 (1993); *Goutanis v. Mutual Group*, No. 92-C-1689, 1995 WL 86588, at *4-5 (N.D. Ill. Feb. 24, 1995); *St. Martin v. Provident Life and Accident Ins. Co.*, Civ. A. Nos. 92-2120, 92-4244, 1993 WL 262708, at *1-2 (E.D. La. July 2, 1993); *Rich v. United States*, 197 B.R. 692, 695-96 (Bankr. N.D. Okla. 1996).

However, contrary to Dr. LaMure's assertion in his reply brief, this claim was not presented before the district court and therefore we will not hear it now on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976). The language Dr. LaMure points to as raising this claim before the district court most certainly did not do so with the required specificity. "'[V]ague, arguable references to [a] point in the district court proceedings do not ... preserve the issue on appeal.'" *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (quoting *Monarch Life Ins. Co. v. Elam*, 918 F.2d 201, 203 (D.C. Cir. 1990)). Indeed, Dr. LaMure's reliance on the same language to make a second distinct substantive argument on appeal, discussed *infra*, illustrates the inadequacy with which he allegedly raised

-6-

this argument before the district court.

Review of the rationales underlying the waiver rule, and the limited exceptions to its exercise, support application of the rule to this claim. The waiver rule is premised upon "considerations of fairness to both the district court and the opposing party, avoidance of surprise on appeal necessitating remands for additional findings, and the need for finality of litigation." *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1540 (10th Cir. 1992) (citing *Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970-71 (10th Cir. 1991)). Although we retain the discretion to hear questions raised for the first time on appeal, we do so "only in the most unusual circumstances." *Lyons*, 994 F.2d at 721. Such circumstances may include instances where "proper resolution of the issue [is] beyond doubt and injustice would otherwise result," *id.* (quotation marks and citation omitted) (citing *Petrini v. Howard*, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990)), or where the issue is purely a question of law and other factors mitigate in favor of consideration. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1538-39 (10th Cir. 1996); *Lyons*, 994 F.2d at 721 (citing *Grubb v. FDIC*, 833 F.2d 222, 224 (10th Cir. 1987)); *Colorado Interstate Corp. v. CIT Group/Equip. Fin., Inc.*, 993 F.2d 743, 751 (10th Cir. 1993). The present case implicates no such circumstances. Proper resolution of the issue is not "beyond doubt," and even assuming the issue

to be purely legal, there is an absence of other factors favoring review.

In support of his request that we address this claim, Dr. LaMure notes Mutual Life has fully briefed the substantive issue, thus asserting no harm or surprise will inure to Mutual Life from our consideration. Although there is some support for his line of reasoning, *see, e.g., Colorado Interstate Corp.*, 993 F.2d at 751, we decline to embrace it. To review a claim not presented before the trial court because the opposing party fully briefed it upon appeal would punish the opposing party for the exercise of foresight and caution -- in essence, good lawyering.

Dr. LaMure's second substantive argument on appeal is that his entitlement to disability benefits does not stem from his "employee status in an employment relationship," *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982), *cited with approval in Peckham*, 964 F.2d at 1047, in that the benefits are dependant upon his membership in the College of American Pathologists, rather than his employment with Pathology Consultants. Therefore, he asserts, the benefits are not part of an employee welfare benefit plan.[2] This argument is

---

[2] Dr. LaMure raised this claim, albeit in a somewhat superficial and desultory manner, before the district court with the same language by which he alleges he presented his previously discussed "owner beneficiary" argument.

meritless.

Pathology Consultants pays the semi-annual premiums to Mutual Life for Dr. LaMure's policy coverage, and pays the dues to the College of American Pathologists necessary for Dr. LaMure's membership in that organization. Without these payments, Dr. LaMure would not be the beneficiary of the insurance in question. Clearly then, his entitlement to the benefits results from his employee status in an employment relationship. The requirement that Dr. LaMure be a member of the College to be eligible for the policy, and the self-employed status of other members of the College who participate in the College group disability policy, do not change this result. *See McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995) (question was not whether a multi-employer trust providing insurance coverage through association with an insurance company was an employee welfare benefit plan, but whether the employer's subscription to the trust constituted such a plan; focus was on the employer and its involvement with the plan), *cert. denied*, 116 S. Ct. 1267 (1996); *Gahn v. Allstate Life Ins. Co.*, 926 F.2d. 1449, 1452 (5th Cir. 1991) (nexus between the insurer and the policyholder, a group trust, was only marginally relevant to the determination of whether an Employee Retirement Income Security

Act plan existed; focus should be on the employer's involvement with the administration of the plan). The cases Dr. LaMure cites in support of his argument are inapposite.

Dr. LaMure's remaining contentions, that the necessary "plan, fund or program" did not exist, that only a "bare purchase of insurance" took place because Pathology Consultants did not perform requisite administrative activities, and that Pathology Consultants did not intend to provide benefits to its employees, were adequately refuted by the district court. Accordingly, we deny the balance of Dr. LaMure's claims for substantially the reasons set forth by the district court in its opinion, a copy of which is attached hereto.[3]

**AFFIRMED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

---

[3] In so doing, we do not endorse the district court's interpretation of *Brundage-Peterson v. Compcare Health Services Ins. Corp.*, 877 F.2d 509 (7th Cir. 1989).